**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00027-CR**
**NO. 09-24-00028-CR**
**NO. 09-24-00029-CR**

_____

**SPENCER ANDREW CRAIG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 21-10-14157-CR (Counts 1 and 2) and 21-10-14158-CR**

_____

**MEMORANDUM OPINION**

In trial court cause number 21-10-14157-CR, a grand jury indicted appellant

Spencer Andrew Craig for Aggregate Theft in the amount of $300,000 or more in

Count 1 and for Fraud Securing Execution of Document by Deception in excess or

equal to $300,000 in Count 2. *See* Tex. Penal Code Ann. §§ 31.03(e)(7), 32.46(b)(7).

In trial court cause number 21-10-14158-CR, a grand jury indicted Craig for

1

Misapplication of Fiduciary or Financial Property in the amount of more than $150,000 and less than $300,000. *See id.* § 32.45(c)(6). The three cases were consolidated and tried together before a jury.

In trial court cause number 21-10-14157-CR, a jury found Craig guilty of Aggregate Theft as charged in Count 1, and the trial court assessed Craig's punishment at 10 years of confinement and ordered Craig to pay $306,136.11 in restitution. In trial court cause number 21-10-14157-CR, a jury found Craig guilty of Fraud in Securing the Execution of Document by Deception as charged in Count 2, and the trial court assessed Craig's punishment at 10 years of confinement. In trial court cause number 21-10-14158-CR, a jury found Craig guilty of Misapplication of Fiduciary Property or Financial Property as alleged in the indictment, and the trial court assessed Craig's punishment at 10 years of confinement and ordered Craig to pay $80,409.91 in restitution. The trial court ordered the sentences in the three cases to run concurrently. Craig filed notices of appeal in each case.

On appeal, Craig's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the records and concludes the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 10, 2024, we granted an extension of time for Craig to file pro se briefs, and Craig filed no responses.

Upon receiving the *Anders* briefs, this Court must conduct a full examination of all the proceedings to determine whether the appeals are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's briefs, and we have found nothing that would arguably support the appeals. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on September 25, 2024
Opinion Delivered October 9, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Craig may challenge our decision in these cases by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.